Justice William E. Hunt, Sr.,
¶56 dissents from the majority opinion.
¶57 I believe that under the language of the statute and of the policy both Vannatta and Christeck are insured persons under the policy. Infinity, as the insurer, should be responsible to provide coverage up to the limits of the policy for each of the insureds individually. Section 61-6-103(2), MCA, provides in relevant part:
(B) The owner’s policy of liability insurance must... insure the person named therein and any other person, as insured, using any motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the motor vehicle ... with respect to each motor vehicle, as follows:
(i) $25,000 because of bodily injury to or death of one person in any one accident and subject to said limit for one person;
(ii) $50,000 because of bodily injury to or death of two or more persons in any one accident; and
(iii) $10,000 because of injury to or destruction of property of others in any one accident. (Emphasis added.)
¶58 Christeck’s policy with Infinity appears to comply with the statute. Christeck, as the named insured, is entitled to liability coverage under the policy agreement at page 2 which reads:
We will pay damages ... up to the policy limits shown on the Declarations Page, for which an insured person is legally liable because of bodily injury or property damage resulting from the ownership, maintenance or use of your insured car or a non-owned car. The bodily injury or property damage must be caused by an accident and not be expected nor intended from the standpoint of the insured person.
Negligent entrustment is conduct which clearly falls within the parameters of the policy as an unintended consequence resulting from the ownership of the car. In addition, Vannatta appears to be entitled to insurance under Christeck’s policy falling under the definition of an insured person. The definition of insured persons is found on the same page of the policy:
As used in this Part “insured person” or “insured persons” means with respect to your insured car:
*227 (1) you.
(2) any other person using your insured car with your express or
implied permission to do so.
¶59 In limiting the coverage, the majority opinion does not address the issue of which party is insured under the policy in this kind of situation. The use of the word “and” in the statute means that the policy should provide both with insurance coverage as required. Their construction of the contract and the statute ultimately leaves one of the two negligent parties uninsured. This is puzzling, since the parties are statutorily required to have insurance and since they both appear to be insured under the policy.
¶60 If Vannatta is fully covered under the policy, as required by statute, then her liability must be assumed by the insurance company up to the limits of the policy. As the named policy-holder Christeck should be entitled to the same amount of coverage under the policy. Under the majority’s interpretation, only one of the two is fully insured as required by the statute. The limits of liability coverage should apply fully and separately to both Christek, for negligent entrustment, and to Vannatta, for negligent operation of the vehicle. In instituting the permissive user coverage requirement under the financial responsibility laws, the legislature surely didn’t intend to leave persons who complied with the law open to additional liability.
¶61 The language of both the policy and the statute imply that both Christeck (as the owner of the vehicle) and Vannatta (as a permissive user) are fully insured in the event that their negligence triggers liability to third parties. Under the majority’s approach, however, this is not the case. There are three possibilities: Christeck is insured, Vannatta is insured or they’re both under-insured by half of the policy limits, which is contrary to the statute. Public policy would seem to require that the insured parties be each individually entitled to coverage up to the full amount of the policy limit.
¶62 The state legislature has created mandatory liability statutes for exactly this reason. If someone is either an owner of a car or is operating a car he or she has a responsibility to third parties who might become injured as a result. The statute expressly requires that both the named insured and permissive users be insured under a policy. Paul Christeck and Jessica Vannatta complied with the statute and have been left with half of what was promised.
JUSTICE TRIEWEILER concurs in the dissent by JUSTICE HUNT.